Filed For Record This _6th_
Day Of _July_ 20 _23_
At _9:25_ O'Clock _A_ m.
Cindy Wagnon, Circuit Clerk
By _Felecia Key_
Bradley County, Arkansas

## IN THE CIRCUIT COURT OF BRADLEY COUNTY, ARKANSAS
## _3_ DIVISION

MONA L. GREGORY HAYES
As the Administratrix of
THE ESTATE OF CRISSY HAYES                                    **PLAINTIFF**

Vs.                          CASE NO. _06 CV-23-64_

DISH NETWORK SERVICE, LLC and
SOUTHERN STAR, INC.                                          **DEFENDANTS**

## COMPLAINT

Comes NOW the plaintiff, Mona L. Gregory Hayes, as administratrix of the estate of Crissy Hayes, and on behalf of the wrongful-death beneficiaries of Crissy Hayes, by and through counsel, and for the complaint states:

### I.    Parties

1.    Plaintiff Mona Gregory Hayes is the biological mother of the decedent Crissy Hayes and is the duly appointed administrator of the Estate and personal representative of the wrongful-death beneficiaries of Crissy Hayes. The complaint is brought by Plaintiff pursuant to the Arkansas Survival Statute to recover for injuries suffered by Crissy Hayes and pursuant to the Arkansas Wrongful-death Statute to recover for injuries suffered by the wrongful-death beneficiaries of Crissy Hayes.

2.    Defendant Dish Network Service, LLC ("Dish") is a national satellite service company. Dish provides satellite services to the citizens of the State of Arkansas, advertises to the citizens of the State of Arkansas, and derives revenue and profits from the citizens of the State of Arkansas. Dish is a foreign for-profit company doing business in the said Arkansas. Service may

be obtained by serving the agent for service of process, the Corporation Service Company at 300 S. Spring St., Little Rock AR 72201.

3.    Defendant Southern Star Inc. is a foreign for-profit corporation doing business in the State of Arkansas. Defendant Southern Star Inc. installs satellite systems for defendant Dish. Service may be obtained by serving the agent for service of process. National Registered Agents, Inc. at 124 West Capitol Ave., Suite 1900, Little Rock AR 72201.

## II.    Jurisdiction and Venue

4.    The events complained of herein took place in Bradley County.  Court has jurisdiction to hear this matter, and is the proper venue.

5.    The causes of action asserted against Defendants arose directly from their contacts with the State of Arkansas, thus this Court has *in personam* jurisdiction over Defendants under Arkansas's long-arm statute.

## III.    Facts

6.    Plaintiff restates and realleges all of the preceding paragraphs as if they were set forth herein verbatim.

7.    On information and belief Defendant Southern Star Inc. has a contractual relationship with defendant Dish to install satellite systems for the citizens of Arkansas.  That contract is not attached pursuant to ARCP 10(d) because Plaintiff is not in possession of the same.

8.    Mr. Dilan Estes worked as a satellite installer for the Defendants.

9.    The Defendants were contacted by the decedent's live-in boyfriend to install satellite services in her home in Bank Arkansas.

10.    The Defendants sent Mr. Estes to the decedent's home in Bank Arkansas to install satellite services on 07/12/2020.

11.   Mr. Estes was in a vehicle provided by the Defendants, with the Dish logo emblazoned on the vehicle.

12.   Mr. Estes had a cell phone provided by the defendants, whereby the defendants had the ability to track Mr. Estes' location as long as he had the phone.

13.   On information and belief Mr. Estes was in a uniform with the "Dish" logo on it.

14.   After installing the satellite system Mr. Estes left the decedent's home.

15.   Later, Mr. Estes returned to the decedent's home still in the Dish van, and brutally murdered Crissy Hayes.

16.   Mr. Estes pleaded guilty of his crimes.

17.   On information and belief, the defendants hired Mr. Estes in the spring of 2019.

18.   Prior to his hiring, Mr. Estes had been fired from at least 2 different jobs.

19.   These jobs included working in law enforcement in Louisiana.

20.   On information and belief, Mr. Estes was not eligible for rehiring at either his law-enforcement job or his job working for a lumber Company in Louisiana.

21.   Had the defendants conducted an appropriate background check and/or appropriately checked references for Mr. Estes, he would not have been hired.

22.   The defendants have full knowledge that they are sending employees, unsupervised, into the homes of their customers in the State of Arkansas.

23.   The defendants continued to allow Mr. Estes into the homes of the citizens of the State of Arkansas, when they knew or should have known that there was an appreciable risk to the health and safety of the citizens of the State of Arkansas. Including but not limited to the decedent Crissy Haynes.

24.    Mr. Estes also had issues as a juvenile, including a FINS petition, and inpatient treatment in a psychiatric facility for inappropriate sexual behavior.

25.    The defendants had the ability to learn this information and to make employment decisions based thereon, and failed to do so.

**IV.    Count One / Negligence**

26.    Plaintiff restates and realleges all of the preceding paragraphs as if they were set forth herein verbatim.

27.    The defendants, Dish and Southern, failed to exercise ordinary care to ensure that their employees (specifically Mr. Estes) are properly vetted prior to hiring, and properly supervised once hired.

28.    As a direct and proximate cause of the defendant's negligence, Crissy Hayes lost her life.

29.    The negligence of the defendants articulated in this count is independent, separate, and apart from any vicarious liability the defendants may be subject to due to the actions of Mr. Estes

**V.    Count Two / Negligent Retention**

30.    Plaintiff restates and realleges all of the preceding paragraphs as if they were set forth herein verbatim.

31.    The elements necessary to establish negligent retention of an employee are (1) the employee had a right to be where he was when the wrongful act allegedly occurred; (2) the occurrence of the wrongful act was a direct result of the employment; and (3) the employer would have received some benefit from the meeting between its employee and the victim had the wrongful act not occurred. St. Paul Fire & Marine Ins. Co. v. Knight, 297 Ark. 555, 764 S.W.2d

601 (1989); Herrod v. Knights Super Food Store, No. CA95-1325, 1996 Ark. App. LEXIS 760, at *6 (Ct. App. Dec. 11, 1996)

32.    The defendants sent Mr. Estes to the decedent's home, and Mr. Estes had a right to be in the home to install satellite services.

33.    Mr. Estes only had contact with the decedent because of his employment with the defendants.

34.    But for his employment with the defendants Mr. Estes would have never come into contact with the decedent, and she would still be alive.

35.    The defendants would have received a benefit from Mr. Estes's interaction with the decedent had he not murdered her, in that the decedent's household would have been a customer for the defendants.

**VI.    Count Three / Negligent Supervision**

36.    Plaintiff restates and realleges all of the preceding paragraphs as if they were set forth herein verbatim.

37.    Under the theory of negligent supervision, employers are subject to direct liability for the negligent supervision of employees when third parties are injured as a result of the tortious acts of employees. Addington v. Wal-Mart Stores, Inc., 81 Ark. App. 441, 105 S.W.3d 369 (2003). The employer's liability rests upon proof that the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm. Id. As with any other negligence claim, to prove negligent supervision, a plaintiff must show that the employer's conduct was a proximate cause of the injury and that the harm to third parties was foreseeable. Id. It is not necessary that the employer foresee the particular injury that occurred, only that he or she reasonably foresee an appreciable risk of harm to

others. Id.;  Hall v. Gage's Powersports, Inc., 2022 Ark. App. 406, at 6-7, 654 S.W.3d 353, 358 (Ct. App.).

38.    Based on the above referenced facts defendants knew or should have known that Mr. Estes posed an appreciable risk of harm to the citizens of the State of Arkansas, including but not limited to the plaintiff.

WHEREFORE, plaintiff prays for a judgment against the defendants, jointly and severally in an amount sufficient to compensate the plaintiff for the damages sustained. The amount of compensatory damages sought is in excess of the minimum amount for federal diversity of citizenship cases ($75,000).  Plaintiff also prays for punitive damages in an amount in excess of the minimum amount for federal diversity of citizenship cases ($75,000).  The amount of punitive damages should be sufficient to punish the defendants for their willful and wanton behavior from which malice can be inferred, and to deter others from such similar conduct in the future. Plaintiff also prays for all other just and proper relief.

Plaintiff prays for a jury trial.

Respectfully Submitted:

The Brad Hendricks Law Firm
Lloyd W. "Tré" Kitchens, ABN 99075
Matthew Hartness, ABN 96005
500 C Pleasant Valley Dr.
Little Rock, AR 72227
(501) 221-0444 (P)
(501) 661-0196 (F)
tkitchens@bradhendricks.com
mhartness@bradhendricks.com

By: _____
Matthew Hartness, ABN 96005