IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MONA L. GREGORY HAYES
As the Administratrix of
THE ESTATE OF CRISSY HAYES                                          PLAINTIFF


v.                                       Case No. 1:23-cv-01080

DISH NETWORK, SERVICE, LLC and
SOUTHERN STAR, INC.                                                 DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion for Entry of Agreed Protective Order. ECF No. 19. The parties seek the entry of a protective order to assist in the protection of confidential information "in written or electronic form that is not generally known to the public and which contains business, financial, proprietary, or personal information about the producing party or persons in privity of contract with the producing party." *Id.* The parties have attached their proposed protective order that they wish the Court to enter. ECF No. 19-1. Upon review, the Court finds that good cause for the instant motion has been shown. However, the Court found it prudent to add language requiring the parties to seek leave of court before filing any documents under seal. The parties' Joint Motion for Entry of Agreed Protective Order (ECF No. 19) is hereby **GRANTED**. The protective order is as follows:

The parties have agreed to this Agreed Protective Order; accordingly, it is **ORDERED**:

1.      This Protective Order shall govern all documents, depositions, discovery, and the information contained therein, and all other information produced or disclosed, formally or informally, during this litigation, whether revealed in a document, deposition, other testimony, discovery response, or otherwise. This Protective Order is binding upon all Parties to this litigation, and upon each Party's respective attorneys, agents, representatives, employees,

accountants, experts, and consultants as set forth in this Protective Order.

2.      The term "Confidential Information" is defined herein to mean information in written or electronic form that is not generally known to the public and which contains business, financial, proprietary, or personal information about the producing party or persons in privity of contract with the producing party.  Confidential information includes, but is not limited to, contracts and related documents, financial records, bank records, business records, business policies, trade secrets, and written or electronic communications regarding such documents or records.

3.      At such time as any party delivers to another party in this lawsuit, any documents or other materials, that are voluntarily disclosed or produced in discovery in this case, that contain Confidential Information such materials shall be designated as "CONFIDENTIAL." No copies of Confidential Information will be made in such a way as to eliminate or obscure the designation of confidentiality placed on them.

4.      All Confidential Information, in whatever form produced, disclosed, or contained, may be used by the receiving party only for the purpose of conducting any litigation associated with this case and not for any other purpose whatsoever.   The receiving party will take all reasonable measures to avoid disclosure, dissemination, or unauthorized use of Confidential Information.  In the event Confidential Information is disclosed to any person in the course of a deposition, or other pretrial proceeding, or are marked as an exhibit in a deposition, or are disclosed in connection with a submission to the Court, the confidentiality designation shall continue in accordance with the terms of this Protective Order, unless the disclosing party agrees in writing or on the record to the waiver of the designation, or the Court so orders.  The use of Confidential Information at trial is outside the scope of this Protective Order.

5.      Confidential Information, and any summary, description, analysis, excerpt, or report containing or referencing such Confidential Information, may be disclosed by the receiving party only to the following persons:

a.  The court, persons employed by the court, and stenographers reporting or transcribing the testimony or argument at a hearing or deposition in this case or appeal therefrom;

b.  Independent experts or consultants of the receiving party who have been retained by the receiving party to assist in the handling of this case and any litigation associated therewith, with disclosure only to the extent necessary to perform such work;

c.  The other parties to this case; and

d.  The parties' counsel of record and any other counsel for the receiving party or other parties to this case who appear in this action and their assistants, clerical employees, and law clerks who are assisting in this litigation.

6.      No Confidential Information shall be disclosed, in whole or in part, directly or indirectly, to any individual other than those described in paragraph 4 hereinabove unless and until such individual has been provided with a copy of this Order and has agreed by signed affidavit to comply with same.

7.      No Confidential Information shall be disclosed, in whole or in part, directly or indirectly, to any individual other than those described in paragraph 4 hereinabove unless and until such individual has been provided with a copy of this Order and has agreed by signed affidavit to comply with same.  No Confidential Information shall be disclosed, in whole or in part, directly or indirectly, to any individual other than those described in paragraph 4

hereinabove unless and until such individual has been provided with a copy of this Order and has agreed by signed affidavit to comply with same.

8.      A person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice, to other rights and remedies of any party, make a reasonable, good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such Information.

9.      The receiving party acknowledges that disclosure or use of Confidential Information in violation of this Order could cause irreparable harm to the producing party for which monetary damages may either be difficult to ascertain or an inadequate remedy.  The receiving party therefore agrees that the producing party will have the right, in addition to any and all rights and remedies otherwise available under the law, to seek injunctive relief for any violation of this Order.

10.      The inadvertent failure to designate or withhold any material as confidential will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing party or non-party from designating the material as confidential at a later date in writing and with particularity.  The material shall be treated by the receiving party as Confidential Information from the time the receiving Party is notified in writing of the change in the designation.

11.      Nothing in this Order shall bar or otherwise restrict any attorney herein from

providing advice to his or her client with respect to this case and, in the course thereof, referring or relying upon his or her examination of Confidential Information; provided, however, that in providing such advice and otherwise communicating with his or her client, the attorney shall not disclose the content of any Confidential Information to anyone who is not authorized to receive such disclosure under the terms of this Order.

12.     This Order may be amended only with leave of the Court.

13.     Should the filing of Confidential Information be necessary for the resolution of a motion or other issue pending before the Court, a party or nonparty who files Confidential Information must do so electronically under seal, and the Clerk will maintain that filing with access restricted to the Court and parties.  Wherever practicable, Confidential Information should be redacted prior to filing, with the redacted version of a filing docketed publicly and an unredacted version filed under seal.  Where electronic filing of Confidential Information is impracticable, the party or nonparty who files the designated information should seek guidance from the Court prior to filing.  The parties must seek leave of court prior to filing any documents under seal.

14.     Any party intending to introduce Confidential Information as evidence at trial must give notice to the producing party and other parties by the deadline for filing pretrial disclosures.  Any interested party or nonparty who wishes to restrict access to Confidential Information during trial of this matter must move the Court for relief no later than the deadline to file motions in limine.  If not a party to this action, the producing party may intervene for that purpose.

15.     After termination of this litigation, the provisions of this Order shall continue to be binding upon all individuals who were ever, at any time, bound hereby, except with

5

respect to the Confidential Information which becomes a matter of public record.   This Court hereby retains and shall have continuing jurisdiction over each and every person who receives copies of Confidential Information hereunder for enforcement of the provisions of this Order following termination of this litigation.  Consent to the continuing personal jurisdiction of this Court for enforcement of this Order shall be deemed given by any person receiving confidential documents or information hereunder.

16.     Upon termination of this lawsuit, by judgment, settlement or otherwise, counsel for the receiving parties shall retrieve from any persons to whom Confidential Information has been provided as set forth in this Order and shall return to the disclosing party through its counsel of record, at the disclosing party's expense, all Confidential Documents, Materials and other Information subject to this Order, including all copies, prints, summaries, and other reproductions in the possession of the parties and their retained experts.  If the parties agree to destroy Confidential Information, the destroying party shall provide all parties with an affidavit confirming destruction.   This provision in no way abrogates counsels' obligations under any rules of professional conduct, statute, regulation, or order of another court.

**IT IS SO ORDERED**, this 25th day of October, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge